# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIK T. ALEXANDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 04-4073 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **O R D E R**

This matter is now before the Court on Petitioner Erik T. Alexander's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the § 2255 Motion [#1] is DENIED.

### BACKGROUND

In August 1998, Alexander moved from California to Rock Island, Illinois. He became involved in a criminal drug conspiracy with Raymond Pitts, and Pitts' girlfriend, Tiffani Harris. Typically, Alexander and/or Pitts would receive drugs that were mailed from California, and then Alexander, Pitts, and Harris would distribute the drugs in the Quad Cities area.

In August 1999, after a lengthy investigation, Alexander was arrested. 7.26 grams of heroin, 29.2 grams of cannabis, drug-packaging material, and a scale were removed from his motel room in Davenport, Iowa. After Alexander's arrest, Pitts and Harris continued selling drugs until they were arrested in September and November 2000, respectively.

Alexander was indicted in this Court in January 2001 for one count of conspiracy to possess with intent to distribute heroin and cocaine base in violation of 21 U.S.C. §§

841(a)(1), (b)(1)(B) and 846.  In a written plea agreement, Alexander admitted that during the period of March 1, 1998, and August 9, 1999, he conspired with Pitts to distribute heroin and cocaine base.  The Presentence Report prepared by the probation office calculated Alexander's total offense level as 37 and a criminal history category of VI, which resulted in a sentencing range of 360 months to life in prison.  However, at the sentencing hearing, the government agreed not to pursue the two-point increase for obstruction of justice in exchange for Alexander stipulating to the fact that Harris would testify to the drug weights as reported in the Presentence Report, if called to testify.  The new total offense level was 35, which resulted in a sentencing range of 292 to 365 months.  The court sentenced Alexander to the bottom of the guidelines range, 292 months, but allowed 25 months served in state custody to offset the term; thus, the total term of imprisonment was 267 months.  The conviction and sentence were affirmed, United States v. Pitts, 322 F.3d 449 (7th Cir. 2003),  and Alexander's Petition for Writ of Certiorari to the United States Supreme Court was denied, Pitts v. U.S., 540 U.S. 849 (2003).

      Alexander now challenges his sentence in the instant Motion to Vacate Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  In that Motion, Alexander agues that his appointed counsel,  James Clements, was ineffective failing to challenge the drug weights in the Presentence Report to the point that he was essentially denied counsel under the Sixth Amendment of the federal Constitution.

## DISCUSSION

      A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice."  Boyer v. United States, 55 F.3d

296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993), *citing* Scott v. United States, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal, and federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996); United States v. Frady, 456 U.S. 152, 165 (1982). Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by*, Castellanos v. United States, 26 F.3d 717, 710-20 (7th Cir. 1994).

The seminal case on ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that the representation fell below an "objective standard of reasonableness." Strickland, 466 U.S. at 687-88. The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. United States v. Delgado, 936 F.2d 303, 311 (7th Cir. 1991).

In this case, Alexander claims that his counsel was ineffective for failing to challenge the drug weight claimed by the government in the Presentence Report. In fact, Clements did initially challenge the drug quantity of the Presentence Report. However, after determining that Alexander had no evidence to present that would rebut the drug-weight claims made by the government in the Presentence Report — a point Alexander does not dispute — Clements recommended that Alexander stipulate that Harris would testify to the drug amounts in Presentence Report in exchange for the government dropping the request for a two-point upward adjustment for obstruction of justice. Alexander complains that Clements told him he would face life in prison if he challenged the drug amounts. However, Clements was simply explaining to Alexander where he stood: if he challenged the drug amounts then the government would not have agreed to drop the two-point upward adjustment for obstruction of justice, and Alexander would have in fact been facing life in prison under the guidelines. Alexander chose not to challenge the amounts and received the benefit of a much lower guidelines range.

Alexander's regret seems to be based in a simple misunderstanding of the law. Although he is quick to accept responsibility for drugs that were found in his possession when he was arrested and the amount for which he was charged, he now believes it was a mistake to accept responsibility for other amounts. However, the law is clear that in calculating a base offense level under the Sentencing Guidelines, "The Seventh Circuit holds a conspirator responsible for the amount of drugs that individual conspirator actually

distributes, as well as for any quantity distributed by the conspiracy that was reasonably foreseeable to the conspirator ....  The government need not tie a conspirator to each transaction so long as the conspirator could reasonably foresee that the transaction would occur." U.S. v. McEntire, 153 F.3d 424 (7th Cir. 1998) (citations omitted).  If this were not the law, counsel would of course be ineffective for failing to challenge drug weights attributable to the conspiracy, but not directly attributable to the defendant.  However, because it is the law, counsel is not ineffective for recommending to his client to not challenge drug weights that are likely to be attributable to the conspiracy, especially when the decision not to challenge resulted in such a substantial reduction in the possible sentencing range, as it did here.

## CONCLUSION

For the reasons set forth herein, Alexander's Motion to Vacate, Set Aside, or Correct Sentence pursuant to §2255 [#1] is DENIED.  This matter is now terminated.

ENTERED this 26th day of August, 2005.

                                                           s/ Michael M. Mihm
                                                            Michael M. Mihm
                                                            United States District Judge