E-FILED
Thursday, 12 January, 2006   10:46:37 AM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERIK T. ALEXANDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 04-4073 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### O R D E R

This matter comes before the Court on Petitioner, Erik T. Alexander's ("Alexander"), Motion for a Certificate of Appealability. For the following reasons, Alexander's Motion [#15] is DENIED.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255 now requires the issuance of a certificate of appealability prior to obtaining appellate review. A certificate may only issue if the applicant makes a substantial showing of the denial of a constitutional right. The certificate must specify what issue(s) merit appellate review.

In the instant case, Alexander makes the following two arguments to establish a substantial showing of the denial of a constitutional right: (1) his counsel was ineffective because he failed to challenge the drug quantity at sentencing or on appeal, and (2) his sentence was enhanced based on facts that were not found by a jury beyond a reasonable doubt.

Alexander made the first argument in his § 2255 Motion. The Court reviewed the issue and found:

> In this case, Alexander claims that his counsel [Clements] was ineffective for failing to challenge the drug weight claimed by the government in the Presentence Report. In fact, Clements did initially challenge the drug quantity of the Presentence Report.

> However, after determining that Alexander had no evidence to present that would rebut the drug-weight claims made by the government in the Presentence Report — a point Alexander does not dispute — Clements recommended that Alexander stipulate that Harris [a co-conspirator] would testify to the drug amounts in Presentence Report in exchange for the government dropping the request for a two-point upward adjustment for obstruction of justice. Alexander complains that Clements told him he would face life in prison if he challenged the drug amounts. However, Clements was simply explaining to Alexander where he stood: if he challenged the drug amounts then the government would not have agreed to drop the two-point upward adjustment for obstruction of justice, and Alexander would have in fact been facing life in prison under the guidelines. Alexander chose not to challenge the amounts and received the benefit of a much lower guidelines range.

*Alexander v. U.S.*, No. 04-CV-4073 (C.D. Ill. Aug. 26, 2005).

In considering whether a certificate of appealability should issue on Alexander's ineffective assistance of counsel claim, the Court finds that Alexander has not made a substantial showing of the denial of a constitutional right. To establish ineffective assistance of counsel, Alexander is required to demonstrate that counsel's performance fell below an objective standard of reasonableness and a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984). Alexander cannot meet either prong of the *Strickland* standard. Alexander's counsel did not act unprofessionally in recommending that Alexander stipulate to the drug amount because Alexander did not have any evidence to show that the drug amount being presented by the Government was inaccurate. Moreover, Alexander's current attempt to argue that this constitutes an unconstitutional shifting of the burden of proof is incorrect. The presentence report stated the amount of drugs involved. If Alexander had evidence to show that the amount was incorrect, he should have introduced that evidence at sentencing. Knowing that Alexander did not have any evidence to create reasonable doubt regarding the amount of drugs involved, Alexander's counsel reasonably advised him of his options, one of which was to stipulate to the amount in exchange for the Government's

agreement not to pursue an upward adjustment for obstruction of justice. Furthermore, Alexander cannot now claim that he was prejudiced by counsel's actions. Alexander benefitted from his counsel's advice because after stipulating to the amount, he no longer faced the possibility of life in prison. Accordingly, because there is nothing in the record to show that Alexander's counsel acted unreasonably under the circumstances or that he suffered any actual prejudice, the Court declines to issue a Certificate of Appealability on this basis.

Alexander's second argument is that his sentence was enhanced based on facts that were not found by a jury beyond a reasonable doubt. However, Alexander did not make this argument in his § 2255 Motion and therefore, this issue is not properly before the Court on a Motion for Certificate of Appealability. Thus, no claims raised before this Court come close to presenting issues debatable among jurists of reason. Finding no issue in this proceeding which warrants appellate review, the Court cannot in good faith issue a certificate of appealability for Alexander's § 2255 Motion. Accordingly, Alexander's Motion for a Certificate of Appealability [#15] is DENIED.

ENTERED this 12th day of January, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge